UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYFORD CARLOS WILLIS, | ) | |
| Petitioner, | ) | 3:09-cv-0172-ECR-RAM |
| vs. | ) | **ORDER** |
| McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss (Docket #11).

**I.    Procedural History**

Pursuant to a jury trial, petitioner was convicted of robbery in the Eighth Judicial District Court for the State of Nevada. (Exhibit 3).[1] The judgment of conviction was entered on June 21, 2006. (Exhibit 3). Petitioner was sentenced to a term of a minimum of 28 months and a maximum 96 months in the Nevada Department of Corrections, with 162 days credit for time served. (Exhibit 3, at p. 2). Petitioner appealed the judgment of conviction. On May 30, 2007, the Nevada

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #12.

Supreme Court entered an order affirming his judgment of conviction. (Exhibit 6). On October 23, 2007, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 7). The state district court denied the petition. (Exhibit 9). Petitioner appealed the denial of his state habeas petition. On February 20, 2009, the Nevada Supreme Court issued an order affirming the denial of the state habeas petition. (Exhibit 10).

Petitioner submitted a federal habeas petition to this Court on April 3, 2009. The petition asserts three claims: (1) violation of Fourth Amendment rights by unreasonable search and seizure; (2) violation of Sixth Amendment right to speedy trial; and (3) Fourteenth Amendment violation of right to due process. (Petition, at Docket #1-1 and #4).[2] The petition is signed March 30, 2009. (Docket #1-1 and #4). By order filed April 13, 2009, this Court directed petitioner to file an amended petition demonstrating that he had exhausted his claims in state court. (Docket #3). Petitioner did not file an amended petition, but instead, on June 22, 2009, petitioner filed a response to this Court's order. (Docket #10). The Court directed respondents to file a response to the petition. Respondents filed the instant motion to dismiss the petition. (Docket #11).

**II.   Discussion**

Respondents seek dismissal of the petition on the basis that it contains claims that have not been exhausted in state court and claims that are not cognizable in federal habeas.

**A. Ground One:  Non-cognizable Claim**

In Ground One of the federal habeas petition, petitioner alleges that his Fourth Amendment right to be free from unreasonable searches and seizure was violated. (Petition, at Docket #1-1 and #4, at pp. 3-4). Petitioner complains that he was subjected to an unreasonable search when stopped by a police officer. (*Id.*, at p. 3). Pursuant to the stop and search, petitioner was arrested and charged with the crime of robbery, which conviction petitioner challenges in the

---

[2] The petitions at Docket #1-1 and #4 are identical.

2

instant habeas petition. Fourth Amendment claims are not cognizable in federal habeas corpus proceedings unless the petitioner bringing the claims demonstrates that he was not afforded a fair opportunity to litigate those claims in state court. *Stone v. Powell,* 428 U.S. 465 (1976). In this case, petitioner does not allege that he was not provided a full and fair opportunity to litigate his Fourth Amendment claim in Nevada's state courts. As such, Ground One, which sets forth petitioner's Fourth Amendment claim, is not cognizable and shall be dismissed.

### B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be

sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### 1. Ground Two

Petitioner alleges a violation of his Sixth Amendment right to speedy trial. (Petition, at Docket #1-1 and #4, at pp. 5-6). Petitioner did not present this claim to the Nevada state courts. As such, the claim is unexhausted.

### 2. Ground Three

Petitioner alleges a Fourteenth Amendment violation of right to due process. (Petition, at Docket #1-1 and #4, at pp. 7-8). Specifically, petitioner alleges that Detective Schultz should have come to the crime scene to question him, but he did not. (*Id.*, at p. 7). Petitioner did not present this claim to the Nevada state courts. As such, the claim is unexhausted.

### 3. Dismissal of Petition

Unlike the situation where the court is presented with a mixed petition, the court is required to dismiss a petition that contains only exhausted claims. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 521-22 (if State remedies have not been exhausted as to all claims, the district court mist dismiss the petition); *Jiminez v. Picotte*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [Appellee] moved for dismissal, the district court was obligated to dismiss immediately, as the

petition contained no exhausted claims.") (internal citations omitted).  In the instant case, this Court has determined that Ground One of the petition is not cognizable, and that Grounds Two and Three of the petition are unexhausted.  As such, the habeas petition contains no exhausted claims and will be dismissed.

### III. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (Docket #11) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 9th day of December, 2009.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE