UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYFORD CARLOS WILLIS, | ) | |
| Petitioner, | ) | 3:09-cv-0172-ECR-RAM |
| vs. | ) | **ORDER** |
| McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed December 9, 2009, the petition was dismissed. (ECF No. 19). Judgment was entered on December 10, 2009. (ECF No. 20).

Petitioner has filed a motion to change venue. (ECF No. 21). Petitioner's motion seeks transfer of this case to Las Vegas. Petitioner's motion is denied as moot, because judgment has been entered in this action.

Petitioner has filed two motions seeking reconsideration of this Court's order denying the appointment of counsel. (ECF No. 22 & ECF No. 23). On August 27, 2009, this Court denied petitioner's motion for the appointment of counsel. (ECF No. 16). The Court construes petitioner's motions for reconsideration as motions for relief from an order, pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure. Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1). Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

In the instant case, petitioner's motions for reconsideration are untimely. In addition, petitioner has presented nothing that would cause this Court to alter its order denying counsel. Petitioner has failed to make an adequate showing under Rule 60(b) that this Court's order denying counsel should be reversed. The motions for reconsideration are denied.

**IT IS THEREFORE ORDERED** that petitioner's motion to change venue (ECF No. 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motions for reconsideration (ECF No. 22 & ECF No. 23) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed action. If petitioner attempts to file further documents, the Clerk of Court shall return such documents to petitioner, unfiled.

Dated this 3rd day of February, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE